RANDY S. GROSSMAN
Acting United States Attorney
RONALD SOU
Assistant U.S. Attorney
California State Bar No. 315669
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8491
Email:  ronald.sou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21-cr-00982-AJB |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JOSEPH WEIMER, | (Pre-Indictment Fast-Track Program) |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

through its counsel, Randy S. Grossman, Acting United States Attorney,

and Ronald Sou, Assistant United States Attorney, and defendant, JOSEPH

WEIMER, with the advice and consent of David J. Zugman, counsel for

defendant, as follows:

//
//
//
//
//
//
//
CMMC:RSO:kst:Rev. 3/29/21

Def. Initials _J.W._

# I

## THE PLEA

### A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging that:

> On or about March 7, 2021, within the Southern District of California, defendant, JOSEPH WEIMER, did knowingly and intentionally import a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

### B.   EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, defendant agrees further as follows:

   1.   If in-person criminal proceedings are suspended, defendant will consent to plead guilty by video teleconference (VTC) or by telephone if VTC is unavailable, and will join in any necessary motion for the District Court to authorize the change of plea hearing to proceed via VTC or telephone;

   2.   Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review), will not object to the continuance of the preliminary hearing and exclusion of time under Fed. R. Crim. P. 5.1, and will not object to the continuance of the deadline for the Government to file an Information or Indictment under 18 U.S.C. § 3161(b) and the exclusion of time under 18 U.S.C. § 3161(h)(7)(A); and

   3.   Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

//

2

Def. Initials Ǵ - W.
21CR00982-AJB

1           a.  Any cellular device(s);

2           b.  Any vehicle(s); and

3           c.  Any controlled substance(s), except sample amounts

4               for confirmatory testing.

5     C.   FORFEITURE

6     Defendant further agrees to the administrative and/or civil

7 forfeiture of all properties seized in connection with this case which

8 the defendant agrees are subject to forfeiture to the United States

9 pursuant to 21 U.S.C. § 881. Defendant further waives defendant's right

10 to receive timely notice of administrative forfeiture as set forth in

11 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in

12 this and all other administrative and civil proceedings. Defendant

13 waives and disclaims defendant's interest, if any, in the properties to

14 be forfeited as described above. Defendant further agrees not to contest

15 or to assist any other person or entity in contesting the forfeiture of

16 the property(ies) seized in connection with this case.

17     D.   NON-PROSECUTION OF OFFENSE CARRYING MANDATORY MINIMUM PENALTY

18     The Government agrees not to prosecute defendant with an offense

19 under Title 21 that carries a mandatory minimum sentence for the conduct

20 described herein unless defendant breaches the plea agreement or the

21 guilty plea entered pursuant to this plea agreement is set aside for

22 any reason. If defendant breaches this agreement or the guilty plea is

23 set aside, Section XII below shall apply.

24                              **II**

25                 **NATURE OF THE OFFENSE**

26     A.   ELEMENTS EXPLAINED

27     The offense to which defendant is pleading guilty has the following

28 elements:

3

Def. Initials _J-W._
21CR 00982-AJB

1.  Defendant knowingly brought methamphetamine into the United States from a place outside the United States; and

2.  Defendant knew that it was methamphetamine or some other federally controlled substance.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.  On or about March 7, 2021, defendant knowingly and intentionally drove a vehicle from Mexico into the United States through the Otay Mesa, California, Port of Entry (POE).

2.  At the time defendant entered the United States, concealed within the vehicle were approximately 69.66 kilograms (153.25 pounds) of methamphetamine, a Schedule II Controlled Substance.

3.  At the time defendant drove the vehicle into the United States from Mexico through the Otay Mesa, California POE, defendant knew that the vehicle contained methamphetamine, or some other federally controlled substance, and defendant intentionally brought these drugs into the United States.

III

PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.  A maximum 20 years in prison;

B.  A maximum $1,000,000.00 fine;

C.  A mandatory special assessment of $100.00 per count;

//

//

//

//

4

Def. Initials 9·W·

21CR00982-AJB

D.   A term of supervised release of at least 3 years and up to life (failure to comply with any condition of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release); and

E.   Possible ineligibility for certain federal benefits.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information.

5

Def. Initials _J.W._
21CR 00982-AJB

1  Defendant will not attempt to withdraw the guilty plea or file a
2  collateral attack on the existence of this information.

3
4                                    VI

5              **DEFENDANT'S REPRESENTATION THAT GUILTY**
               **PLEA IS KNOWING AND VOLUNTARY**

6        Defendant represents that:

7    A.   Defendant has had a full opportunity to discuss all the facts
          and circumstances of this case with defense counsel and has a
8         clear understanding of the charges and the consequences of
          this plea. By pleading guilty, defendant may be giving up, and
9         rendered ineligible to receive, valuable government benefits
          and civic rights, such as the right to vote, the right to
10        possess a firearm, the right to hold office, and the right to
          serve on a jury. The conviction in this case may subject
11        defendant to various collateral consequences, including but
          not limited to revocation of probation, parole, or supervised
12        release in another case; debarment from government
          contracting; and suspension or revocation of a professional
13        license, none of which can serve as grounds to withdraw
          defendant's guilty plea;
14
     B.   No one has made any promises or offered any rewards in return
15        for this guilty plea, other than those contained in this
          agreement or otherwise disclosed to the court;
16
     C.   No one has threatened defendant or defendant's family to
17        induce this guilty plea; and,

18   D.   Defendant is pleading guilty because defendant is guilty and
          for no other reason.
19
                                    VII
20
               **AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE,**
21             **SOUTHERN DISTRICT OF CALIFORNIA**

22       This plea agreement is limited to the United States Attorney's
23  Office for the Southern District of California and cannot bind any other
24  authorities in any type of matter, although the Government will bring
25  this plea agreement to the attention of other authorities if requested
26  by defendant.
27  //
28  //

                                     6

                              Def. Initials _J.W._
                              21CR 00982-AJB

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

//

7

Def. Initials _J.W._

21CR 00982-AJB

1  of the parties' sentencing recommendations, defendant will not withdraw
2  the plea.

3                                    X

4                **PARTIES' SENTENCING RECOMMENDATIONS**

5      A.   SENTENCING GUIDELINE CALCULATIONS

6         Although the Guidelines are only advisory and just one factor the
7  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
8  the parties will jointly recommend the following Base Offense Level,
9  Specific Offense Characteristics, Adjustments, and Departures:

10         1.    Base Offense Level
                 [USSG § 2D1.1]                                    38*
11

12         2.    Importation of Methamphetamine               +2
                 [USSG § USSG 2D1.1(b)(5)]
                 (If defendant is not subject to an
13               adjustment for role under § 3B1.2)

14         3.    Safety Valve (if applicable)                   -2**
                 [USSG §§ 2D1.1(b)(18) and 5C1.2]
15

16         4.    Acceptance of Responsibility
                 [USSG § 3E1.1]                                 -3
17
           5.    Departure for Fast Track
                 [USSG § 5K3.1]                                 -4***
18

19      **\*The actual Base Offense Level (BOL) cannot be determined until a
20  laboratory has weighed and performed a chemical analysis of a sample of
21  the controlled substance(s), so this calculation is subject to change.
22  At sentencing, the parties will recommend a BOL consistent with the
23  results of the laboratory testing of the sample and the weight of the
24  controlled substance(s) as determined at the time of defendant's arrest
25  (after first incorporating a 10 percent reduction in the overall weight
26  to reflect a reduction in the weight for packaging and other
27  considerations). If defendant is determined to be a career offender
28  pursuant to USSG § 4B1.1(a), the applicable BOL shall be determined**

8

Def. Initials _Q W._
21CR _00982-AJB_

1  pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be
2  ineligible for any role reduction.

3      **If defendant meets the requirements for Safety Valve as provided
4  under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under
5  USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided
6  in the First Step Act, the Government will recommend a two-level
7  reduction of the guidelines.

8      ***The Government reserves the right to reduce its recommended
9  departure if defendant does not proceed to sentencing on the first date
10  set by the Court unless the parties agree to a continuance or sentencing
11  is continued on the Court's own motion.

12      B.   ACCEPTANCE OF RESPONSIBILITY

13      Despite paragraph A above, the Government need not recommend an
14  adjustment for Acceptance of Responsibility if defendant engages in
15  conduct inconsistent with acceptance of responsibility including, but
16  not limited to, the following:

17        1.   Fails to truthfully admit a complete factual basis as
18              stated in the plea at the time the plea is entered, or
              falsely denies, or makes a statement inconsistent with,
19              the factual basis set forth in this agreement;

20        2.   Falsely denies prior criminal conduct or convictions;

21        3.   Is untruthful with the Government, the Court or probation
              officer; or

22        4.   Breaches this plea agreement in any way.

23

24      C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
          INCLUDING THOSE UNDER 18 U.S.C. § 3553

25      Defendant may request or recommend additional downward adjustments,
26  departures, or variances from the Sentencing Guidelines under 18 U.S.C.
27  § 3553. The Government may oppose any downward adjustments, departures,
28  or variances not set forth in Section X of this plea agreement.

Def. Initials _J-W._
21CR 00982-AJB

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  RECOMMENDATION REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced to the greater of: the low end of the advisory Guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of two levels under the Sentencing Guidelines,[1] or the time served in custody at the time of sentencing.

G.  SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

---

[1] This variance is for defendant's waiver of indictment during the judicial emergency declared in Orders of the Chief Judge No. 18, *et seq.*; defendant's waiver of any claim that this prosecution violates any prompt presentment or Speedy Trial Act provisions, including Fed. R. Crim. P. 5 and 5.1 and 18 U.S.C. § 3161; and defendant's agreement to plead guilty via VTC or telephone as set forth in Section I(B).

10

Def. Initials _____
21CR 00982-AJB

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   <u>SUPERVISED RELEASE</u>

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above the greater of 71 months or the statutory mandatory minimum term, if applicable; and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//

//

//

11

Def. Initials _J-W._

21CR__00982-AJB__

XII

**BREACH OF THE PLEA AGREEMENT**

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.   Failing to plead guilty pursuant to this agreement;

B.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.   Failing to appear in court;

D.   Attempting to withdraw the plea;

E.   Failing to abide by any court order related to this case;

F.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees

12

Def. Initials *J.W.*
21CR 00982-AJB

that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

13

Def. Initials _J.W._

21CR 00982-AJB

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*Ronald Sou*

__4/7/21_____
DATED

RONALD SOU
Assistant U.S. Attorney

__4/7/21_____
DATED

_____
DAVID J. ZUGMAN
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

__4/7/2021_____
DATED

_____
JOSEPH WEIMER
Defendant

Approved by:

/s/ Colin M. McDonald
COLIN M. MCDONALD
Assistant U.S. Attorney

Rev. 3/29/2021

14